UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAUL AUTHUR JOHNSON and | ) | |
| CHRISTINE LYNN JOHNSON, | ) | |
| | ) | |
|     Debtors, | ) | |
| _____ | ) | |
| | ) | |
| W. CURTIS SHAIN, | ) | |
| | ) | Civil Action No. 3: 11-53-DCR |
|     Plaintiff/Appellant, | ) | (Bankruptcy No. 11-3003) |
| | ) | |
| V. | ) | |
| | ) | |
| PAUL A. JOHNSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     Defendant/Appellee. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

    This matter is pending for consideration of Appellant W. Curtis Shain's appeal of the Bankruptcy Court's order dismissing his complaint. [Record No.1] He argues that the Bankruptcy Court erred because it failed to apply the doctrine of equitable tolling. Having considered Shain's position,[1] the undersigned concludes that the Bankruptcy Court's order dismissing his adversary proceeding should be affirmed.

---

[1]    Appellee Paul A. Johnson has not submitted a brief in this case. [*See* Record No. 7] Therefore, the Court proceeds without the benefit of his argument.

## I.    BACKGROUND

Paul Arthur Johnson and Christine Lynne Johnson filed for bankruptcy under Chapter 7 of Title 11 on January 4, 2011.  A notice was delivered to each creditor, including Appellant W. Curtis Shain and Cardinal Holdings & Investments, Inc.  The first meeting of creditors was held on January 31, 2011.  Therefore, the deadline to challenge the dischargeability of certain debts was April 1, 2011.  *See* Fed. R. Bankr. P. 4007(c).  All creditors were given notice of the meeting of creditors and the deadline to challenge the dischargeability of debts.[2]  No objections to discharge were filed and no challenges were raised on or before the April 1st deadline.  The Bankruptcy Court entered an order discharging both debtors on April 7, 2011, and the bankruptcy case was closed on the same date.  [Record No. 1-2, pp. 1-2 (internal citations omitted)]

Shain filed a complaint on April 8, 2011, in which he objected to the dischargeability of the debt pursuant to 11 U.S.C. § 523(a)(2)(A).  [*Id.*, p. 3]  Upon consideration of Johnson's motion,[3] the Bankruptcy Court dismissed the complaint on August 24, 2011, due to Shain's "failure to file the complaint within the time allowed by the Bankruptcy Rules."  [*Id.*] This appeal followed.

---

[2]    Shain, to his credit, candidly concedes this point.  [Record No. 6, p. 9]

[3]    Shain argues that Johnson's motion was "premature," because the motion was initially styled as a motion for judgment on the pleadings but the Bankruptcy Court construed it as a motion to dismiss.  [Record No. 6, p. 7]  This was not improper, nor did it in any way prejudice Shain because, as he concedes, the legal standard for deciding both motions is the same.  [*Id.*, p. 7 n.3]  His assertion that the Bankruptcy Court could not construe the motion as a motion to dismiss "without the Court first requiring P. Johnson to amend his motion to reflect the vehicle by which he was requesting relief," is without any legal basis.  [*Id.*, p. 7]

## II.    STANDARD OF REVIEW

A district court reviewing a bankruptcy court's decision functions as an appellate court, applying the standards of review normally applied by federal appellate courts.  *In re H.J. Scheirich Co.*, 982 F.2d 945, 949 (6th Cir. 1993).  "On appeal from a bankruptcy court, a district court applies a clearly erroneous standard of review to findings of fact, and reviews questions of law *de novo*."  *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004)).  A *de novo* review requires that the court review the legal conclusions reached without regard to the bankruptcy court's prior findings of law.  *In re Eubanks*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998).  A finding of fact, on the other hand, is only clearly erroneous if the reviewing court, after considering all the evidence, is "left with the definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).  Finally, the bankruptcy court's decision regarding whether to use its equitable powers to grant relief to any party is reviewed for an abuse of discretion.  *In re Maughan*, 340 F.3d 337, 344 (6th Cir. 2003).  An abuse of discretion should be found only "upon a definite and firm conviction" that the court committed a "clear error of judgment."  *Id.* (quoting *In re Kisseberth*, 273 F.3d 714, 721 (6th Cir. 2001)).

## III.    ANALYSIS

Shain seeks to challenge the dischargeability of the debt owed him by Johnson on the grounds that the funds were obtained through "material misrepresentation and false pretenses." [Record No. 6-2, p. 2]  An order of discharge does not necessarily suffice to discharge a debt for money obtained by "false pretenses, a false representation, or actual fraud."   11 U.S.C. § 523(a)(2)(A).  However, this provision does not apply automatically; instead, a debt for money

-3-

obtained by fraud may be excepted from discharge "on request of the creditor to whom such debt is owed." § 523(c). Thus, a creditor who seeks to except a debt from discharge on the grounds of fraud must file a complaint to challenge the dischargeability of that debt.

Federal Rule of Bankruptcy Procedure 4007 provides the procedure for filing a complaint to determine the dischargeability of debts. *In re Height*, No. 10-14415, 2011 WL 1480265, at *2 (E.D. Mich. Apr. 19, 2011). A complaint to obtain a determination of the dischargeability of a debt must be filed "no later than 60 days after the first date set for the meeting of creditors." Fed. R. Bankr. P. 4007(c). In the present case, the first meeting of creditors took place on January 31, 2011 [Record No. 1-2, p. 2], and Shain's complaint was filed on April 8, 2011.[4] [Record No. 6-2] Although a court may extend the sixty-day time limit if an extension is requested before the expiration of the sixty days, Shain did not request an extension of time. Fed. R. Bankr. P. 4007(c). Therefore, Shain's complaint was untimely.

The Court notes that the time limits set out in Rule 4007(c) are not jurisdictional. *In re Maughan*, 340 F.3d at 344. Therefore, a bankruptcy court may use its equitable power to allow a plaintiff to file a complaint, even if it is filed outside the time limits imposed by Rule 4007. *Id.* The five factors to consider in deciding whether to apply the doctrine of equitable tolling are: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant;

---

[4]      Shain asserts that he mailed the complaint on April 6, 2011, and urges the Court to apply the "prison mailbox rule." [Record No. 6, p. 9, 12-13] However, the deadline for complaints was April 1, 2011. [Record No. 1-2, p. 2] Therefore, even if the Court were to deem Shain's complaint to be filed when mailed, it would be untimely.

and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Id.* (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

Shain maintains that the Bankruptcy Court erred when it failed to exercise its equitable power to accept his untimely filed complaint. [Record No. 6, pp. 8-12] He argues that the court should not have dismissed the adversary proceeding without "first considering controlling prec[e]dent in this Circuit as it relates to the doctrine of equitable tolling." [*Id.*, p. 8] He also contends that the court erred when it allowed the adversary proceeding to be docketed but then found it untimely.

As an initial matter, Rule 4007 "afford[s] the debtor an affirmative defense to a complaint filed outside" those time limits. *Kontrick v. Ryan*, 540 U.S. 443, 457 (2004).[5] And because the Rule 4007 time limits are not jurisdictional, the only way for a court to address timeliness is on motion of the debtor. *Id.* at 458 ("Time bars . . . generally must be raised in an answer or responsive pleading."); *In re Maughan*, 340 F.3d at 344. In other words, although a bankruptcy court must dismiss a complaint if it lacks jurisdiction, it is not required to raise issues of timeliness or any of the other procedural requirements *sua sponte*. Therefore, Johnson's motion was the proper vehicle for addressing the timeliness of Shain's complaint, and the Bankruptcy Court did not "previously decide[] the issue" of timeliness just because the complaint was docketed before it was dismissed. [Record No. 6, p. 12]

---

[5] *Kontrick* concerns the application of Rule 4004's time limit for objecting to discharge; however, the language setting the time limits in both rules is identical. In each, the complaint "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a), 4007(c).

Additionally, the Bankruptcy Court did not err because it failed to consider or apply the doctrine of equitable tolling. Shain's complaint did not "assert circumstances – equitable or otherwise – qualifying him for a time extension." *Kontrick*, 540 U.S. at 457 (declining to consider whether the bankruptcy court could have softened the impact of the Rules on equitable grounds when the complaint did not allege circumstances entitling him to equitable tolling). As a result, the Bankruptcy Court was not on notice that any of the equitable tolling factors might apply. It did not "refus[e] to look at the specific circumstances of the case surrounding Shain's request to apply equitable tolling" because Shain did not make any such request. [Record No. 6, p. 11] In short, this Court will not second-guess the Bankruptcy Court based on information and arguments not available to it when it made its decision. Therefore, it was not an abuse of discretion for the Bankruptcy Court not to accept Shain's untimely complaint.[6]

## IV.    CONCLUSION

Based upon the foregoing analysis, it is hereby

**ORDERED** that the Bankruptcy Court's Order Granting Motion of Defendant and Dismissing Complaint is **AFFIRMED**. All issues raised herein having been resolved, this appeal is hereby **DISMISSED** and **STRICKEN** from the Court's docket.

---

[6]    Shain cites two cases for the proposition that this Court should apply *de novo* review to the Bankruptcy Court's refusal to apply the doctrine of equitable tolling. [Record No. 6, p. 11 (citing *Amini v. Oberlin College*, 259 F.3d 493, 458 (6th Cir. 2001); *Dunlap v. United States*, 250 F.3d 1001, 1007-08 n.2 (6th Cir. 2001)). However, *de novo* review is only appropriate when the facts are undisputed and the lower court ruled as a matter of law that equitable tolling was unavailable. *Dunlap*, 250 F.3d at 1008 n.2. That is not the case here, so an abuse of discretion standard will be applied.

This 27th day of December, 2011.



Signed By:

*Danny C. Reeves*

United States District Judge